# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTY CLARK** | : | **DOCKET NO. 2:19-cv-0467** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFFS OFFICE CALCASIEU PARISH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

# **MEMORANDUM ORDER**

Before the court is a complaint filed by plaintiff Marty Clark, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

Plaintiff alleges that he has been "seriously injured" to do the unjust acts of the Calcasieu Parish Sheriff's Office and the Calcasieu Parish Animal Services. Doc. 1, p. 1. While the complaint is vague, it appears to allege that on May 14, 2015, employees of the Sheriff's Office and Animal Services were involved in a "botched up execution" of a horse. Doc. 1, p. 1-2. The complaint also mentions "similar illegal acts" which "twice involved the unauthorized killing of a horse by officers" within a "3 ½ year span," occurring on January 27, 2015, May 14, 2015, and July 25, 2018. *Id.* at p. 3. He alleges a civil RICO claim. *Id.*

# II.
## LAW AND ANALYSIS

### A. Frivolity Review

Clark has been permitted to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner in forma pauperis cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *see also Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued in forma pauperis are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section 1915A(b) provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### C. Theories of the Complaint

Plaintiff alleges a claim pursuant to 18 U.S.C. § 1962, under the Racketeer Influenced and Corrupt Organizations Act (RICO). "Under the civil RICO statute, '[a]ny person injured in his business or property by reason of a violation of section 1962' can sue for treble damages and fees.'" *Welborn v. Bank of New York Mellon Corp*, 557 Fed. Appx. 383, 2014 U.S. App. LEXIS 4152, 2014 WL 843262, at *1 (5th Cir. Mar. 5, 2014) (citing 18 U.S.C. § 1964(c)". "[A] claim requires three elements: (1) a RICO violation under 18 U.S.C. § 1962; (2) an injury to any person's business or property; and (3) the injury must be "by reason of" the alleged RICO violation." *Id*.

Under 18 U.S.C. § 1961 *et seq*., in order to state a valid claim under RICO, the plaintiff must allege four things: (1) conduct, (2) by an enterprise, (3) through a pattern, (4) of racketeering activity. See 18 U.S.C. 1961 *et seq*. First, in order to constitute sufficient "conduct," the Act has set out various "predicate offenses," at least one of which must be alleged in order to invoke

jurisdiction under RICO. *Interstate Flagging, Inc. v. Town of Darien*, 283 F.Supp.2d 641, 645 (D.Conn. 2003).

Next, plaintiff must allege the existence of an "enterprise." *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1998). An enterprise is defined as "an ongoing organization, formal or informal" along with evidence of associates functioning as a "continuing unit." *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 440-41 (5th Cir. 1987). Simply stating that the defendants were part of some "enterprise" that conspired against plaintiff does not transform the defendants into an "enterprise" under the Act. In fact, the Fifth Circuit has said that plaintiffs must plead "specific facts, not mere conclusory allegations" in order to establish a RICO enterprise. *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988).

A RICO claim must also allege a "pattern" of racketeering activity, consisting of at least two racketeering acts. *Heller Fin. Inc. v. Gramco Computer Sales*, 71 F.3d 518, 523 (5th Cir. 1996).

Finally, a plaintiff must specifically allege some sort of agreement to commit predicate racketeering acts. *Crowe*, 43 F.3d at 206.

**1. Improper Party**

Clark has named the Calcasieu Parish Sheriff's Office as a defendant. According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, the Calcasieu Parish Sheriff's Office is not a proper defendant in this matter and Clark should dismiss all claims against this entity.

## 2. Insufficient Detail

The Court notes at the outset of its analysis that Clark's complaint suffers from several distinct pleading deficiencies and fails to meet the requirements of the pleading standards established by Rules 8 and 10, tasking the Court with sorting through an amalgamation of potential claims "interwoven in a haphazard fashion." *James v. Plaquemine*, 2019 U.S. Dist. LEXIS 157990, 2019 WL 4452834 at *4 (M.D. La. 2019 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting T.*D.S. Inc. v. Shelby Mut. Ins. Co*., 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). In *Weiland*, the Eleventh Circuit identified four types of "shotgun pleadings"-- imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

While Clark makes vague allegations of a RICO violation on the part of the named defendants, his complaint fails to allege specific facts upon which he bases this claim. Moreover, the complaint names only the Calcasieu Parish Sheriff's Office and the Calcasieu Parish Animal Services as defendants. However, he lists the following individuals as being involved in the allegations set forth in the complaint: (1) Det. Jennie Duncan, (2) Det. Jody Doucet, (3) CPl. Donald Sherer, (4) Destiny Roberts, (5) Michelle Bozas, (6) Angela Sullivan, (7) Dr. Jamie Houston, and (8) Unknown individual with initials "MMR." Doc. 1, p. 3, ¶ 7.

Clark's must amend his complaint to provide:

    a. Whether he intends to name any of these individuals as defendants;

    b. The specific conduct of each named defendant, which includes setting forth which of the substantive RICO provisions was allegedly violated;

    c. Specific facts, not merely conclusory allegations, that the defendants were part of an enterprise that conspired against plaintiff;

    d. Specific facts to establish a pattern of racketeering activity;

    e. Allegations of an agreement to commit the predicate racketeering acts;

f. The injury plaintiff's business or his property sustained as a result of the RICO violation and facts to establish that the injury was "by reason of" the violation;

g. Facts to establish his standing to pursue this claim, i.e., facts demonstrating that he (rather than a third party), suffered an injury; and

h. Any other details that would help the court to discern whether he has stated a valid civil RCIO claim.

## III.
### CONCLUSION

Clark must amend his complaint to address the deficiencies described above, and to dismiss the parties or claims that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Clark at his last address on file.

**IT IS ORDERED** that Clark amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Clark is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 21st day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE