UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTY CLARK** | : | **DOCKET NO. 2:19-cv-0467** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFFS OFFICE CALCASIEU PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a complaint filed by plaintiff, Marty Clark, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Plaintiff alleges that he has been "seriously injured" due to unjust acts of the Calcasieu Parish Sheriff's Office and the Calcasieu Parish Animal Services. Doc. 1, p. 1. While the complaint is vague, it appears to allege that on May 14, 2015, employees of the Sheriff's Office and Animal Services were involved in a "botched up execution" of a horse. Doc. 1, p. 1-2. The complaint also mentions "similar illegal acts" which "twice involved the unauthorized killing of a horse by officers" within a "3 ½ year span," occurring on January 27, 2015, May 14, 2015, and July 25, 2018. *Id.* at p. 3. He alleges a civil RICO claim. *Id.*

On November 22, 2019, the undersigned ordered Clark to amend his complaint to provide additional information regarding his claims. Doc. 11. The Order was mailed to plaintiff at his last

known address on January 7, 2020.  Doc. 12.[1]  Clark has not filed an amendment complaint in accordance with the Order.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Clark has failed to comply with an Order directing him to amend his complaint.  This failure on his part warrants dismissal.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Clark's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond

---

[1] The Court's Order was initially mailed to plaintiff and subsequently returned marked, "wrong address" on January 2, 2020.  Doc. 12.  Upon determining that an incorrect zip code was used, the Order was re-sent using the correct address on January 7, 2020. *Id*.

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 27th day of April, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE